** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANE E. BRANUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12CV-447 |
| | § | |
| | § | JUDGE CLARK/JUDGE MAZZANT |
| AURORA BANK, FSB, its agents, associates, | § | |
| assignees, etc. *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

The court referred this case to United States Magistrate Judge Amos Mazzant pursuant to 28 U.S.C. § 636. On November 9, 2012, Judge Mazzant entered a Report and Recommendation, recommending that Defendant Aurora Bank, FSB's Motion to Dismiss be granted. Plaintiff Jane E. Branum filed objections on November 30, 2012.

Having made a *de novo* review[1] of the objections raised to the Report and Recommendation by Plaintiff, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit.

## BACKGROUND

On June 26, 2012, Ms. Branum commenced this case in state court against Aurora Bank, asserting claims for fraud and misrepresentation, requesting that the court grant injunctive relief and

---

[1] On dispositive motions referred to a Magistrate Judge, the court reviews *de novo* any portion of the Magistrate Judge's recommendation to which proper objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

1

rescind foreclosure of the property in question. The case was timely removed. On July 20, 2012, Judge Mazzant entered an order and advisory, giving Ms. Branum an opportunity to file an amended Complaint. Doc. # 5. She did not, instead filing a "Notice of Affidavit of Truth with Special Appearance" (the "Notice") [Doc. #6] with various exhibits, including her state court petition, on July 30. Aurora Bank filed a motion to dismiss, asserting that the Notice, as well as Ms. Branum's state court petition, failed to assert any viable causes of action.

On September 18,2 2012, Judge Mazzant again ordered Ms. Branum to file an amended Complaint, and denied Aurora Bank's motion to dismiss as moot. Judge Mazzant stated that he would reconsider Aurora Bank's motion should Ms. Branum fail to file an amended complaint. Doc. # 10. On October 1, 2012, Ms. Branum filed what the Clerk's Office construed as her "Notice of Verified Complaint." Doc. #11. On October 15, 2012, Aurora Bank filed a new motion to dismiss. Doc. # 14. Ms. Branum did not file a response.

On November 9, 2012, Judge Mazzant entered a Report and Recommendation finding that Aurora Bank's motion should be granted, because there were no plausible claims against the Bank. Doc. #15. Ms. Branum filed objections. Doc. # 17.

**DISCUSSION**

Ms. Branum first objects that Judge Mazzant refers to her as *pro se* because she is a "...living, flesh and blood, person and not represented by an attorney practicing Copyright Law." This is not a valid objection. "Pro se" only means that Ms. Branum is not represented by counsel and is representing herself in this litigation. Although Judge Mazzant has been lenient with Ms. Branum's lack of compliance with court orders, a *pro se* plaintiff is still required to follow the rules.

Ms. Branum next objects for the first time that Aurora Bank did not remove this case timely. Although this objection has no basis, even if this were a valid objection, Ms. Branum waived any objection to an alleged defect in removal by failing to file a timely motion to remand.

Ms. Branum next asserts that this court does not have jurisdiction over the case. On June 26, 2012, Ms. Branum commenced this case in the County Court at Law, Cooke County, Texas. Aurora Bank removed this case based upon diversity jurisdiction under 28 U.S.C. § 1332(a). Ms. Branum is a citizen, while Aurora Bank is a federal savings bank. A federal savings bank is a citizen "only of the State in which such savings association has its home office." 12 U.S.C. § 1464(x). Aurora Bank's home office is in Delaware, making it a citizen of Delaware. There is no contest that the amount in controversy is greater than $75,000.

The remainder of the Defendants named in Ms. Branum's Complaint—Holly Carter, Nancy Stephens, Cole D. Patton, Melissa McKinney, and Karl Terwilliger (the "Trustees")—are citizens of Texas. Aurora Bank asserted in its Notice of Removal that these Defendants were improperly joined and therefore do not defeat diversity jurisdiction. The Notice of Removal states that there is

> no reasonable basis for predicting Plaintiff would produce sufficient evidence to sustain a finding necessary to recover against the Trustee. To the extent they are referred to at all by implication as among "Defendants," they could only be referred to in their capacities as legal counsel and the substitute trustees under the deed of trust.

Doc. # 1 at 2-3.

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, and (2) the inability of Ms. Branum to establish a cause of action against the non-diverse Defendants. *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). Aurora Bank's Notice of Removal implicates the latter. Aurora Bank has a heavy burden to demonstrate improper joinder, and the "threshold question . . . is whether there is no reasonable basis

3

for the district court to predict that the plaintiff might be able to recover against the improperly joined defendant." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (internal quotations omitted).

There are no actual allegations against the individual Defendants in Ms. Branum's Complaint. She generally alleges fraud and misrepresentation claims against "Defendants," but does not indicate what any of these individuals did that might conceivably result in personal liability. As discussed *supra*, Judge Mazzant gave Ms. Branum several opportunities to address these deficiencies, and she chose not to. Indeed, Ms. Branum has never even suggested that the case was not removed properly by filing a motion to remand or otherwise.

The court must consider subject matter jurisdiction *sua sponte* even if Ms. Branum fails to raise the issue. Given that she alleges no facts whatsoever to support a claim against the individual Defendants, despite being given the opportunity on several occasions to do amend her Complaint, the court concludes that there is no reasonable basis to predict that Ms. Branum might be able to recover against the individual Defendants. These Defendants were improperly joined, and do not defeat diversity jurisdiction. Ms. Branum's jurisdictional objection is without merit.

Ms. Branum next objects that she has given the court enough facts to raise a reasonable expectation that discovery would reveal evidence of the necessary claims or elements. Judge Mazzant concluded that she failed to allege any facts that would make any of her claims plausible, and this court agrees. With respect to wrongful foreclosure, Ms. Branum fails to allege that there was a procedural defect in the foreclosure proceedings, that there was a grossly inadequate selling price, or that there is a causal connection between any alleged defect in the foreclosure proceedings and

the inadequate selling price. With respect to fraud and injunctive relief, she also fails to assert any facts at all that would support these claims.

Again, Ms. Branum has been has given several opportunities to amend her Complaint and allege facts that make any claim plausible. She has failed to do so, and Aurora Bank's motion to dismiss should be granted.

After careful consideration, the court concludes that Ms. Branum's objections of Plaintiffs are without merit and should be overruled. The Magistrate Judge's Report and Recommendation is ADOPTED.

IT IS THEREFORE ORDERED that Defendant Aurora Bank, FSB's Motion to Dismiss [Doc. # 14] is GRANTED. Plaintiff Jane E. Branum's claims are DISMISSED WITH PREJUDICE. All relief not granted herein is DENIED.

So **ORDERED** and **SIGNED** this **2** day of **January, 2013.**

_____
Ron Clark, United States District Judge